UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANGELIA J.[1],

                Plaintiff,

v.                                          CASE # 19-cv-00272

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | ANTHONY JOHN ROONEY, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | HEATHER SERTIAL, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on October 24, 1960, and has at least a high school education. (Tr. 192, 197). Initially plaintiff alleged disability based on arthritis, diabetes and neuropathy and later pancreatitis. (Tr. 196). Her alleged onset date of disability was January 15, 2013 and her date last insured was December 31, 2015. (Tr. 192).

### B. Procedural History

On June 11, 2015, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 161-62). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On September 26, 2017, plaintiff appeared before the ALJ, Bryce Baird. (Tr. 31-91). On January 26, 2018 ALJ Baird issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-26). On January 4, 2019, the Appeals Council (AC) denied plaintiff's request for review. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2015.

2. The claimant did not engage in substantial gainful during the period from her alleged onset date of January 15, 2013 through her date last insured of December 31, 2015 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: pancreatitis (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant can never climb ladders, ropes or scaffolds or crawling. The clamant can frequently reach in all directions, reach overhead, handle and finger objects with the bilateral upper extremities.

6. Through the date last insured, the claimant was capable of performing past relevant work as a daycare worker and cannery worker. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 15, 2013, the alleged onset date, through December 31, 2015, the date last insured (20 CFR 404.1520(f)).

(Tr. 12-26).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff argues the ALJ erred in coming to a specific RFC based on vague statements from treating providers that were only given some weight. (Dkt. No. 12 at 2 [Plaintiff's Mem. of Law]).

### B.     Defendant's Arguments

In response, defendant asserts substantial evidence supports the ALJ's RFC determination and there was no evidentiary gap created by only giving partial weight to any of the assessments. (Dkt. No. 13 at 5, 10 [Defendant's Mem. of Law]).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV. ANALYSIS

The RFC is an assessment of "the most [plaintiff] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for assessing a plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical sources. *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c). In this case, the ALJ determined that plaintiff could perform medium work with the following additional limitations:

> Plaintiff could never climb ladders, ropes or scaffolds, and could not crawl (Tr. 20). Plaintiff could frequently reach in all directions, reach overhead, and handle and finger with the bilateral upper extremities (Tr. 20).

Plaintiff argues the RFC was unsupported by substantial evidence because there was no opinion evidence to support a highly specific and complex RFC. (Dkt. No. 12 at 10). Plaintiff argues that since the ALJ did not fully adopt any particular medical opinion, the decision could not be based on substantial evidence and must be based instead on the ALJ's lay opinion. (*Id.*). According to plaintiff, by discounting all medical opinions at least in part, the ALJ created a gap in the record. (Dkt. No. 12 at 12). In the following cases, the Second Circuit has specifically rejected plaintiff's argument and held that an RFC is supported by substantial evidence, even if it does not correspond to any particular medical opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013)(the RFC need not correspond to any particular medical opinion; rather, the ALJ weighs and synthesizes all evidence available to render a RFC finding consistent with the record as a whole); *Wynn v. Comm'r of Soc. Sec.*, 342 F. Supp. 3d 340, 349 (W.D.N.Y. 2018) (where the ALJ discussed four separate opinions relating to plaintiff's work-related limitations, there was not a complete absence of opinion evidence relating to plaintiff's work-related limitations).

The Second Circuit has even held that a decision can be supported by substantial evidence without any medical opinions at all. *See Snell v. Apfel*, 177 F.3d at 133(2nd Cir. 1999)(the ultimate responsibility to determine a claimant's RFC rests solely with the ALJ). Although the ALJ considers opinions from medical sources, the final responsibility for determining the RFC is reserved to the Agency. *See* 20 C.F.R. § 404.1527(c)(3).

In this case, ALJ Baird supported his RFC determination with reports from treatment providers at Erie County Medical Center (ECMC), as well as from plaintiff's testimony. In his decision, the ALJ considered and gave some weight to the opinion from a discharging physician

at ECMC who stated plaintiff had no restrictions. (Tr. 679). Similarly, Dr. Kristen Spano, who saw plaintiff for epigastric pain December 6, 2016, stated that plaintiff had no activity restrictions. (Tr. 782). The ALJ also cited a July 2015 assessment from Dr. Kerry Cassel who diagnosed acute alcoholic pancreatitis with no activity restrictions. (Tr. 805). The ALJ cited Dr. Cassel's April 2015 assessment that plaintiff should avoid alcohol, motor vehicle operation, and spicy foods, after an emergency department visit for acute alcoholic pancreatitis. (Tr. 352). The ALJ additionally referenced hospital records indicating plaintiff should avoid alcohol, certain foods, and engage in activities as tolerated. (Tr. 604, 694, 705). The discharge summary from Dr. Noor Shah recommended light activity. (Tr. 628).

The ALJ observed, "[b]ecause of the physical impairments and resultant symptoms the claimant reported difficulty with lifting, squatting, bending, standing, reaching, using hands, walking, sitting, kneeling, and climbing. (Tr. 20, *see* 38, 53, 62, 64-65, 71). Thus, in consideration of the whole record, including the assessment discussed above, and the plaintiff's hearing testimony, the ALJ assessed additional postural limitations in the RFC. The inclusion of postural limitations represented a more restrictive RFC than assessed by the treatment providers at ECMC. This is not cause for remand as alleged by plaintiff. *Catalfamo v. Berryhill*, 17-cv-0496, 2019 WL 1128838, at *2 (W.D.N.Y. 2019) (rejecting argument that ALJ improperly substituted his own lay opinion where ALJ gave "little weight" to two medical opinions and "impose[d] more restrictions than th[ose] two opinions suggested were necessary"); *Baker o/b/o Baker v. Berryhill*, 15-cv-943, 2018 WL 1173782, at *2 (W.D.N.Y. 2018) ("[w]here an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand") (emphasis in original). 27(c)(2)-(6); SSR 96-2p, 1996 WL 374188 (July 2, 1996).

7

The ALJ specifically addressed the rationale for the limitations included in the RFC explaining that the limitation to medium work with no climbing of ladders, ropes, or scaffolds and no crawling was due to her pancreatitis flares. (Tr. 23). Plaintiff testified to eight hospitalizations due to pancreatitis flares, secondary to alcohol and fatty food consumption, and the record documents repeated emergency department visits due to alcoholic pancreatitis. (Tr. 60-63, 70, *see* Tr. 270, 347, 352, 375, 415, 432, 510, 595, 597, 602, 657, 680, 691, 742, 781). Plaintiff testified to difficulties with steps and stairs over the past year. (Tr. 63-64, 66). Further, the ALJ explained that he limited plaintiff to frequent reaching and fingering "due to plaintiff's non-severe diabetes mellitus with self-reported neuropathy." (Tr. 23). Plaintiff testified that she experienced pain in her hands when she lifted them for too long and described difficulty using her hands and cramping when she swept or mopped and dropped things. (Tr. 64-65, 71-72). A claimant's testimony and the treatment notes may constitute "relevant evidence [that] a reasonable mind might accept as adequate to support" the RFC as determined by an ALJ. *Johnson v. Colvin*, No. 15-3483-CV, 2016 WL 5539890, at *2 (2d Cir. Sept. 29, 2016) (quoting *Richardson*, 402 U.S. at 401). Although the objective record did not establish neuropathy (Tr. 18), in consideration of plaintiff's statements at the hearing, the ALJ included manipulative limitations in the RFC. *See Scouten v. Colvin*, No. 15-CV-76S, 2016 WL 2640350, at *4 (W.D.N.Y. May 10, 2016) ("[t]here is no error where ... an ALJ bases his RFC on plaintiff's own testimony" together with relevant medical evidence).

The argument of an evidentiary gap created by according only some weight to the assessments in the administrative record is also unavailing. As stated previously, the ALJ has the responsibility to determine a claimant's RFC, based on all of the relevant medical and other evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(2), 404.1545(a), 404.1546(c). To require an RFC to mirror a medical opinion would conflict with an ALJ's duties. Although the administrative

record in this case contains assessments from treatment providers, the Second Circuit has concluded than an RFC can be supported even without a formal medical opinion. *Monroe v. Comm'r of Soc. Sec.,* No. 16-1042-CV, 2017 WL 213363, at *3 (2d Cir. Jan. 18, 2017) (where the record contains sufficient evidence from which an ALJ can assess the plaintiff's RFC a medical source statement or formal medical opinion is not necessarily required).

In this case, ALJ Baird properly reviewed the evidence and assessments to formulate the RFC on the record as a whole. Plaintiff's counsel agreed the administrative record was complete save ECMC records from May 2015 to present. (Tr. 37). The ECMC records were subsequently submitted and exhibited in the administrative record. (Tr. 650-811). The hearing decision shows there was sufficient evidence for the ALJ to formulate the RFC and remand is not warranted for further development of the remote period. *See Bolon v. Saul*, 18-cv-6436, 2020 WL 1149538 (W.D.N.Y. Mar. 10, 2020) (ALJ's finding that Plaintiff required the ability to change position every hour was not invented out of whole cloth, rather it was supported by plaintiff's own testimony); *Beaman v. Comm'r of Soc. Sec.*, 18-cv-01344, 2020 WL 473618, *5 (W.D.N.Y. Jan. 27, 2020) ("[p]laintiff's argument that the ALJ based her highly specific RFC based upon her own lay opinion necessarily fails[;] [i]t is clear that the ALJ fashioned her RFC finding by referring to [the consultative examiner's opinion] and incorporating additional restrictions based on [p]laintiff's own testimony"); *Davis v. Colvin*, No. 15-CV-6695P, 2017 WL 745866, at *11 (W.D.N.Y. Feb. 27, 2017) (finding that the ALJ did not err by assessing a one-hour standing limitation even though it did not precisely correspond to any medical opinion because the plaintiff's daily activities, treatment history, and a consultative examiner's evaluation supported that limitation).

**ACCORDINGLY, it is**

    **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is

    **DENIED**; and it is further

    **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 13) is

    **GRANTED**.


Dated: July 1, 2021                                        *J. Gregory Wehrman*
Rochester, New York                            HON. J. Gregory Wehrman
                                                         United States Magistrate Judge